Filed 2/27/23  P. v. Vargas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>  v.<br><br>FERMIN VARGAS,<br><br> Defendant and Appellant. | G061640<br><br>(Super. Ct. No. 02CF0607)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Fermin Vargas filed a petition for resentencing pursuant to former Penal Code section 1170.95.[1]  At the prima facie hearing on the petition, the trial court denied Vargas resentencing relief, finding he was the actual shooter and was not convicted under an imputed malice theory of liability.  Appointed appellate counsel for Vargas filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case.  Citing *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel also identified potential issues to assist in our independent review.[2]  Although Vargas was provided 30 days to file written argument on his own behalf, he did not do so.[3]

Exercising our discretion and in the interest of justice, we have examined the entire record and we find no reasonably arguable issue.  (See *People v. Delgadillo, supra,* 14 Cal.5th at p. 232 and *People v. Flores* (2020) 54 Cal.App.5th 266, 268.)  We therefore affirm.

---

[1]     Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute as former section 1170.95 or section 1172.6.
     All further statutory references are to the Penal Code.

[2]     While this appeal was pending, the California Supreme Court decided *People v. Delgadillo* (2022) 14 Cal.5th 216, 226 and concluded "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief."  However, the court in *Delgadillo* set forth "a few basic procedures" courts of appeal should follow when considering an appeal from the denial of a section 1172.6 petition where appointed counsel has found no arguable issues to be pursued.  (*Id.* at pp. 231-232.)  In such instances, proper notice must be given to the defendant and the defendant provided an opportunity to file a supplemental brief or letter.  If the defendant does not do so, "the Court of Appeal may dismiss the appeal as abandoned. [Citation.]" (*Id.* at p. 232.)  Or the Court of Appeal may conduct its own independent review of the record in an exercise of its discretion.  (*Ibid.*)

[3]     This court's notice to Vargas predated the decision in *Delgadillo*.  However, the fact our notice may not have contained the suggested language from *Delgadillo* or that Vargas did not file a supplemental brief is of no consequence as we exercised our discretion to conduct an independent review of the record.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a jury found Vargas guilty of premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a)) and assault with a semiautomatic firearm (§ 245, subd. (b)). As to both offenses, the jury found Vargas had personally inflicted great bodily injury (§ 12022.7). The jury also found Vargas had personally discharged a firearm resulting in great bodily injury during the commission of the attempted murder (§ 12022.53, subd. (d)) and had personally used a firearm (§ 12022.5, subd. (a)) during the commission of the assault. The trial court imposed a total sentence of 25 years to life. This court affirmed the judgment on direct appeal. (*People v. Vargas* (Jan. 28, 2009, G036899) [nonpub. opn.].)

In March 2022, Vargas filed a petition for resentencing pursuant to former section 1170.95 and counsel was subsequently appointed for him. The People filed a response to Vargas's petition arguing it should be denied. A prima facie hearing on the petition was heard by the trial court. At this hearing, the trial court reviewed the petition, the People's response, the record of conviction, and found Vargas had failed to establish a prima facie showing for relief. Vargas appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder '"to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill No. 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis* at p. 957.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of

3

attempted murder based on the natural and probable consequences doctrine or manslaughter.  (Sen. Bill No. 775 (2021-2022 Reg. Sess.) Stats. 2021, ch. 551.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon petitioner's request, the prosecutor must then file a response to the petition, and a reply may be filed by the petitioner.  (§ 1172.6, subds. (b)(1)-(3) and (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief."  (*Id.,* subd. (c).)

At the prima facie hearing, the trial court may rely on the record of conviction.  (*Lewis, supra*, 11 Cal.5th at pp. 970-971.)  "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Id.* at p. 971.)  Instructions given to the jury at a petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)

Appellate counsel suggests we consider whether the trial court abused its discretion when it found Vargas had failed to establish a prima facie showing for relief. Here, the trial court reviewed the record of conviction and determined the jury found Vargas to be the actual shooter.  The jury was not instructed on the natural and probable consequences doctrine or an imputed malice theory of liability.

After independently reviewing the entire appellate record, we find no arguable issues.  We therefore affirm the trial court's order denying Vargas's postjudgment relief.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


MOTOIKE, J.


WE CONCUR:



O'LEARY, P.J.



BEDSWORTH, J.